**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**
**AT JACKSON**
**JANUARY 1998 SESSION**

| | | |
|---|---|---|
| **ESTES ANDERSON**, | ) | |
| | ) | |
| Petitioner, | ) | **C. C. A. NO. 02C01-9704-CC-00141** |
| | ) | |
| vs. | ) | **LAKE COUNTY** |
| | ) | |
| **BILLY COMPTON, WARDEN,** | ) | **No. 97-7595** |
| | ) | |
| Respondent. | ) | |

**FILED**

**January 30, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

**O R D E R**

On January 3, 1991, the petitioner was indicted on one count of aggravated rape. The petitioner was subsequently convicted of aggravated rape and he received a sentence of twenty years. On February 28, 1997, the petitioner filed a petition for a writ of habeas corpus challenging the sufficiency of the indictment. The trial court denied relief.

On appeal, the petitioner, relying in part upon this Court's decision in State v. Roger Dale Hill, argues that the indictment is invalid because it failed to assert an essential element of the offense, i.e., the mens rea, and that his conviction, therefore, cannot stand.[1] The Supreme Court has since released its opinion in Hill, which controls our resolution of the issue at hand.

T.C.A. § 39-11-301(b) provides that "[a] culpable mental state is required [to establish an offense] unless the definition of an offense plainly dispenses with a mental element." The statute further states that "[i]f the definition of an offense . . . does not plainly dispense with a mental element, intent, knowledge, or recklessness suffices to establish the culpable mental state." T.C.A. § 39-11-301(c). In State v. Hill, No. 01S01-9701-CC-00005 (Tenn., Nov. 3, 1997), our Supreme Court held that for offenses which neither expressly require nor plainly dispense with the requirement for a

---

[1] The petitioner also claims that the trial judge erred in finding that the sufficiency of an indictment cannot be challenged in a habeas corpus proceeding. Because we find the indictment in this case valid, we need not address that claim.

culpable mental state, an indictment which fails to allege such mental state will be sufficient to support prosecution and conviction for that offense so long as

> (1) the language of the indictment is sufficient to meet the constitutional requirements of notice to the accused of the charge against which the accused must defend, adequate basis for entry of a proper judgment, and protection from double jeopardy;
>
> (2) the form of the indictment meets the requirements of T.C.A. § 40-13-202; and
>
> (3) the mental state can be logically inferred from the conduct alleged.

The indictment in the present case charged that the petitioner "did unlawfully sexually penetrate [the victim], a person, less than thirteen (13) years of age, in violation of Section 39-13-502 of the Tennessee Code Annotated." At the time of the offense in this case, aggravated rape was defined as the unlawful sexual penetration of a victim by the defendant or the defendant by a victim accompanied by several enumerated aggravating circumstances, including that the victim is under the age of thirteen. T.C.A. § 39-13-502 (1991).

This statute does not contain a mental state nor does it plainly dispense with one, and the indictment failed to allege either intent, knowledge, or recklessness. Accordingly, in order to be sufficient, the mental state must be logically inferred from the conduct alleged in the indictment. The language of the indictment before us is almost identical to the language the Supreme Court found valid in the Hill case. As the Supreme Court stated, "[o]bviously, the act for which the defendant is indicted, 'unlawfully sexual penetrat[ing]' a person under the age of thirteen, is committable only if the principle actor's mens rea is intentional, knowing, or reckless."

Accordingly, since the mental state can be inferred from the conduct alleged, the indictment in this case is valid. It is therefore ORDERED that the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

Enter, this the ___ day of January, 1998.

 

_____
JOE B. JONES, PRESIDING JUDGE

CONCUR:

_____
PAUL G. SUMMERS, JUDGE

_____
DAVID G. HAYES, JUDGE

_____
JOE G. RILEY, JUDGE